UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAREEA NORDÉ
and CECIL NORDÉ,

    Plaintiffs,

v.

P.F. CHANG'S CHINA BISTRO, INC.,

    Defendant.

_____/

Case No. 2:16-cv-13595

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [23] AND
FINDING AS MOOT PLAINTIFFS' SECOND MOTION TO COMPEL [27]**

Plaintiffs Careea and Cecil Nordé (collectively "Nordés") filed suit against Defendant P.F. Chang's Bistro, Inc. in Wayne County Circuit Court and alleged negligence, violation of the Michigan consumer protection act, breach of implied warranty, and loss of consortium. ECF 1, PgID 18–21. After discovery closed, Defendant filed the pending motion for summary judgment. ECF 23. Plaintiffs responded and filed a second motion to compel discovery. ECF 27. The Court has reviewed the briefs; a hearing is unnecessary. E.D. Mich. LR 7.1(f).

For the reasons set forth below, the Court will grant Defendant's motion for summary judgment. Plaintiffs' second motion to compel is therefore moot.

**BACKGROUND**[1]

On July 2, 2015, the Nordés dined at P.F. Chang's in Dearborn, Michigan. They received a regular menu and a special "Chang's for Two" menu. ECF 24-2, PgID 270; ECF

---

[1] On summary judgment, the Court views the evidence and draws reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

23-2, PgID 183. The Nordés "glanced at the regular menu and decided it would be more economical to order from the special menu." ECF 24-2, PgID 270. The regular menu listed the ingredients in each dish and stated "[b]efore placing your order, please inform your server if a person in your party has a food allergy." ECF 23-4, PgID 191–92. The "Chang's for Two" menu neither listed ingredients nor provided an allergen warning. ECF 24-3, PgID 317.[2] Careea has a severe shellfish allergy. ECF 24-2, PgID 276.

Careea ordered wonton soup from the "Chang's for Two" menu. The regular menu itemizes wonton soup's ingredients: "[s]avory broth with . . . shrimp[.]" ECF 23-4, PgID 191. Careea ate a wonton from the soup, but before taking another bite her husband, Cecil, intervened because a shrimp was on her spoon. ECF 24-2, PgID 272–73. Careea could not see the shrimp in the soup because of the wontons. *Id.* at 312. Cecil called the waitress to the table. The waitress explained that P.F. Chang's made its wonton soup with shrimp and that she wished she had known of Careea's allergy because the restaurant has "a special menu for people with allergies." *Id.* at 275.

Careea immediately took two Benadryl and rushed to the hospital with trouble breathing. *Id.* at 273–75. After arriving at the hospital, Careea told the hospital staff that she had "a severe shellfish allergy and accidentally ate a wonton that was cooked with shrimp." *Id.* at 276. Shortly thereafter Careea lost consciousness and hospital personnel placed her

---

[2] Plaintiffs point to the disclaimer at the bottom of the "Chang's for Two" menu about scallops to show that the menu was misleading because it disclaimed some allergens and not others. *See* ECF 24, PgID 206, 211. But Plaintiffs' claim is unsupported by the record. The menu states that the Chang's Kung Pao "excludes scallops." ECF 24-3, PgID 317. The disclaimer clearly means that a person ordering from the "Chang's for Two" menu may not order Chang's Kung Pao with the scallops as part of the fixed price menu.

in a medically induced coma for several days. *Id.* at 263–64. Prior to the P.F. Chang's incident, Careea had suffered only two previous allergic reactions. *Id.* at 243–44.

Careea suffered significant injury from her hospitalization including: a "[p]ermanent raspy and hoarse voice," surgeries, "[c]onstant ear infections," physical and emotional pain and suffering, medical costs, lost wages and earning capacity, among others. ECF 1, PgID 17–18.

## STANDARD OF REVIEW

Summary judgment is warranted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

## DISCUSSION

Plaintiffs allege three state law claims. The Court applies Michigan law because when "federal jurisdiction is based on diversity . . . the substantive law of the forum state" governs. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358 (6th Cir. 2013).

I. <u>Negligence Claim</u>

To establish a prima facie case of negligence, the plaintiff must prove four elements: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v. Consumers Power Co.*, 463 Mich. 1, 6 (2000). "The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff." *Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 463 (2004). Duty is "the legal obligation to conform to a specific standard of conduct[.]" *Lelito v. Monroe*, 273 Mich. App. 416, 419 (2006). "[W]hether a duty exists is determined by the court as a matter of law." *Id.* at 419.[3] Statutes or the common law—"which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care"—may establish a duty of care. *Cipri v. Bellingham Frozen Foods, Inc.*, 235 Mich. App. 1, 15 (1999) (quotation omitted). If the decisions of a state's highest court do not resolve the issue of the nature of the duty, the Court "must make an *Erie* guess to determine how that court, if presented with the issue, would resolve it." *Conlin*, 714 F.3d at 358–59.

Here, the parties agree that there are no Michigan Supreme Court decisions on point; the parties further agree that the Restatement (Second) of Torts § 402A provides the appropriate standard. ECF 23, PgID 168; ECF 24, PgID 209–10. The Restatement states:

---

[3] Plaintiffs frame the issue as whether "there is a question of fact upon which a jury could find that Defendant owed a legal duty to Plaintiffs[.]" ECF 24, PgID 205. The existence of a legal duty is not a factual question, but a legal one. *Cipri v. Bellingham Frozen Foods, Inc.*, 235 Mich. App. 1, 14 (1999). The plaintiffs' presentation of the issue is erroneously argued throughout the response to the motion for summary judgment.

4

> The seller may reasonably assume that those with common allergies, as for example to eggs or strawberries, will be aware of them, and he is not required to warn against them. Where, however, the product contains an ingredient to which a substantial number of the population are allergic, and the ingredient is one whose danger is not generally known, or if known is one which the consumer would reasonably not expect to find in the product, the seller is required to give warning against it, if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, of the presence of the ingredient and the danger. . . . Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous.

Restatement (Second) of Torts § 402A (Am. Law Inst. 1965).

P.F. Chang's provided sufficient warning to Careea that the wonton soup contained shrimp. There is no dispute that the Nordés received a regular menu, a "Chang's for Two" menu, and that they "glanced at the regular menu and decided it would be more economical to order from the special menu." ECF 24-2, PgID 270.[4] Viewing the facts in the light most favorable to the Plaintiffs, two things can be assumed: (1) a shrimp allergy would afflict a substantial number of the population and (2) a reasonable person would not expect that wonton soup contains shrimp. Nevertheless, undisputed testimony demonstrates that P.F. Chang's provided a warning. The regular menu, that the Nordés received and at which they glanced, lists all ingredients for each dish. ECF 23-4, PgID 191. Moreover, the menu

---

[4] Plaintiffs contend that "there is clearly a question of fact whether Plaintiffs received a menu that did not list ingredients or warnings for the wonton soup[.]" ECF 24, PgID 211. But any factual dispute here will involve whether the Nordés received a regular menu in addition to the "Chang's for Two" menu. Careea Nordé's testimony, however, removes any doubt whatsoever and establishes that the Nordés received both menus and looked at both. Reviewing facts in the light most favorable to the Plaintiffs does not require the Court to ignore uncontroverted testimony given by the Plaintiffs.

5

states: "[b]efore placing your order, please inform your server if a person in your party has a food allergy. *Id.* at 192. P.F. Chang's could assume, therefore, "that [the warning would] be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous." Restatement (Second) of Torts § 402A (Am. Law Inst. 1965). Plaintiffs' negligence claim fails.

II. Michigan Consumer Protection Act Claim

The Michigan Consumer Protection Act ("MCPA") prohibits the use of "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce[.]" Mich. Comp. Laws § 445.903(1). The statute provides a broad definition of "trade or commerce:" "the conduct of a business providing goods . . . for personal, family, or household purposes[.]" *Id.* § 445.902(g). The parties do not cite any Michigan court decision applying the MCPA to restaurants.

The Court, however, need not make a determination on the issue because, even if the MCPA applies to dining establishments, P.F. Chang's's conduct did not constitute an unfair, unconscionable, or deceptive method, act, or practice. The MCPA defines thirty-seven methods, acts, or practices as unfair, unconscionable, or deceptive. *Id.* § 445.903(a)–(kk). And the statute restricts the attorney general's ability to enumerate more definitions of unfair practices. *Id.* at § 445.903(2). Here, P.F. Chang's's conduct satisfies none of the thirty-seven definitions of an unfair, unconscionable, or deceptive method, act, or practice.

III. Implied Warranty Claim

An implied warranty exists if a seller has "reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods[.]" Mich. Comp. Laws § 440.2315.

P.F. Chang's knew that the Nordés purchased their meal for the purpose of consumption. The undisputed facts demonstrate that P.F. Chang's had no reason to know of Careea's allergy. Careea did, in fact, consume her wonton soup. The good sold fit the particular purpose of its use. P.F. Chang's had no reason to know of Careea's particular purpose of consuming a non-allergic meal. Plaintiff's implied warranty claims therefore does not survive summary judgment.

IV. Loss of Consortium

"A claim of loss of consortium is derivative and recovery is contingent upon the injured spouse's recovery of damages for the injury." *Berryman v. KMart Corp.*, 193 Mich. App. 88, 94 (1992) (citing *Moss v. Pacquing*, 183 Mich. App. 574, 583 (1990)). Because Plaintiff Careea Nordé's substantive claims fail, her husband's loss of consortium claim fails as well.

**WHEREFORE, it is hereby ORDERED that Defendant's motion for summary judgment [23] is GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to compel [27] is **MOOT.**

**SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
Dated: October 31, 2017     United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 31, 2017, by electronic and/or ordinary mail.

                                      s/David P. Parker
                                      Case Manager